## IN THE DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ANDERSON CRUZ-MALDONADO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL. NO. 16-2043 (PAD)

CRIMINAL No. 07-453 (PAD)

## REPORT AND RECOMMENDATION
## INTRODUCTION

On June 8, 2016, petitioner Anderson Cruz-Maldonado ("Petitioner Cruz") filed a post-conviction motion pursuant to Title 28, United States Code, Sec. 2255 claiming entitlement to relief under Johnson v. United States, ___ U.S.___, 135 S.Ct. 2551 (June 26, 2015). (Civil No. 16-2043, Docket No. 1). In essence, Petitioner Cruz claims that his career offender designation under the United States Sentencing Guidelines is contrary to Johnson.

On July 21, 2016, the United States filed a "Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. Sec. 2255" briefly arguing that, because Petitioner Cruz was not sentenced as a career offender, he cannot show that Johnson has any relevance to his sentence.   As such, Cruz' motion should be denied. (Id., Docket No. 6).   A review of the docket shows that Petitioner did not timely oppose the Motion to Dismiss.

On July 22, 2016, the presiding District Judge referred the above Motion to Dismiss to the undersigned for Report and Recommendation.   (Id., Docket Nos. 7 and 8).

## STANDARD OF REVIEW

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).   But it is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584 (1982).

As an initial matter, the Court considers the timeliness of Petitioner's motion. The Court received Petitioner's motion on May 10, 2016.   (Civil No. 16-2043, Docket No. 1 and Crim. No. 07-453 (PAD), Docket No. 2865). Petitioner's claim regarding the constitutionality of his sentence based on Johnson is subject to a one-year limitations period from the date that the Supreme Court recognized the right being asserted. Dodd v. United States, 545 U.S. 353, 359-60, 125 S.Ct. 2478 (2005).   The Supreme Court decided Johnson on June 26, 2015. Thus, Petitioner's deadline to file his motion was June 27, 2016.   As such, the Court considers Petitioner's Section 2255 motion to have been timely filed.

## PROCEDURAL BACKGROUND

On October 25, 2007, Petitioner Cruz was indicted in Criminal Case number 07-453 (JAF) in multiple counts with a conspiracy to possess with the intent to distribute controlled substances in violation to Title 21, United States Code, Sections 841(a)(1), 846

and 860; aiding and abetting in the distribution of heroin, crack cocaine, cocaine and marihuana, in violation of Title 18, <u>United States Code</u>, Sections 841(a)(1) and 860 and Title 18, <u>United States Code</u>, Section 2; and aiding and abetting to use, carry and possess firearms during and in relation to a drug trafficking crime, in violation of Title 18, <u>United States Code</u>, Sections 924 (c) and 2. (Cr. Case No. 07-453 (PAD), Docket No. 3).

On April 3, 2008, Petitioner Cruz pled guilty to Count One of the Indictment pursuant to a Plea Agreement with the United States. (<u>Id</u>., Docket No. 560).

Pursuant to the Plea Agreement's Sentencing Guidelines Calculation Table, if Cruz was not a career offender, the total adjusted offense level would be 35. Assuming a Criminal History Category III, that would yield an imprisonment range of 210-262 months and, assuming a Criminal Category IV, it would be 235-293 months.

Pursuant to the Plea Agreement's Sentencing Guidelines Calculation Table, if Cruz was a career offender pursuant to U.S.S.G. Sec. 4B1.1, the total adjusted offense level would be 34.  Assuming a Criminal History Category VI, that would yield an imprisonment range of 262-327 months.

As stated in footnote one of the Plea Agreement, Defendant had a conviction for a crime of violence committed in 1990 (tent. robbery) and a conviction for narcotics in 1996 for an offense outside the scope of the charged conspiracy (P.R. Controlled Substances Law, Art. 401).   As such, the parties believed Defendant was a career offender.   (<u>Id</u>., Docket No. 560, pp. 4-5).

Anderson Cruz-Maldonado v. United States of America
Report and Recommendation
Civil No. 16-2043(PAD)
Criminal No. 07-453(PAD)
Page 4

Pursuant to the Sentence Recommendation of the Plea Agreement, Cruz and the government agreed to recommend a sentence of 235 months of imprisonment, whether Cruz be determined to be a career offender or not.

The Plea Agreement in pertinent part stated as follows:

It is the express desire of the parties that the recommendation be for a term of imprisonment for two hundred thirty-five (235) months, whether the defendant be determined to be a career offender or not. The parties agree that a sentence of two hundred and thirty-five (235) months adequately addresses the conduct for which the defendant shall be held responsible.

(Id., Docket No. 560, p. 5).

On September 25, 2008, Cruz was sentenced.   Even though the Court determined that Cruz was a career offender pursuant to U.S.S.G. Sec. 4B1.1 and used the Sentencing Guidelines Calculations Table if Petitioner was a career offender, the Court did not sentence Cruz within the sentencing range applicable to a career offender which was from 262-327 months of imprisonment assuming a Criminal History Category VI. Instead, the Court sentenced Petitioner Cruz to the term of imprisonment the parties had agreed in the Plea Agreement, that is, 235 months. Thus, Cruz' sentence was a non-guideline sentence which was 27 months below the lower end of the career offender sentencing guideline range. (Id., Docket No. 560, p. 4-5; Docket No. 1354; and Docket No. 2073, p. 7).

_____

## ANALYSIS

Both <u>Johnson</u> and <u>Welch</u> address the "residual clause" of the Armed Career Criminal Act ("ACCA"), Title 18, <u>United States Code</u>, Sec. 924(e). Federal law prohibits a felon from possessing a firearm. Title 18, <u>United States Code</u>, Sec. 922(g). A person who violates this law can be sentenced to prison for up to ten years. Title 18, <u>United States Code</u>, Sec. 924(a)(2). The ACCA increases this punishment to a minimum sentence of fifteen years and a maximum sentence of life in prison for a person in possession of a firearm who has three or more prior convictions for a "violent felony" or a "serious drug offense." Title 18, <u>United States Code</u>, Sec. 924(e)(1).  *See* <u>Johnson</u>, ___ U.S. ___, 135 S. Ct. at 2551; <u>Welch v. United States</u>, ___ U.S.___ 136 S. Ct. 1257 (April 18, 2016).

The ACCA defines a "violent felony" as: "any crime punishable by imprisonment for a term exceeding one year, or . . . that – (i) has, as an element, the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." Title 18, <u>United States Code</u>, Sec. 924(e)(2)(B) (emphasis added).

The underlined portion of subsection (ii), i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is referred to as the "residual clause." The other portions are referred to as the "elements clause" (Title 18, <u>United States Code</u>, Sec. § 924(e)(2)(B)(i)) and the "enumerated clause" (i.e., the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).

Anderson Cruz-Maldonado v. United States of America
Report and Recommendation
Civil No. 16-2043(PAD)
Criminal No. 07-453(PAD)
Page 6

_____

In <u>Johnson</u>, the Supreme Court struck down the "residual clause" as being unconstitutionally vague and held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process." In <u>Welch</u>, the Supreme Court held that <u>Johnson</u> applies retroactively to cases on collateral review. *See also* <u>Price v. United States</u>, 795 F.3d 731 (7th Cir. 2015).

The sole holding of <u>Johnson</u> is that the residual clause of the ACCA is invalid. <u>Johnson</u> strictly applies only to those defendants who are convicted of being a felon in possession of a firearm, in violation of Title 18, <u>United States Code</u>, Sec. 922(g).

In the instant case, Petitioner Cruz was not convicted of being a felon in possession of a firearm, in violation of Title 18, <u>United States Code</u>, Sec. 922(g). Petitioner Cruz was convicted for a conspiracy to possess with the intent to distribute controlled substances in violation to Title 21, <u>United States Code</u>, Sec. 841 (a)(1), 846 and 860. Therefore, <u>Johnson</u> does not apply, and the Supreme Court's ruling in <u>Johnson</u> would not be relevant on this basis.

In addition, Petitioner Cruz was not sentenced under the ACCA. Petitioner Cruz was instead sentenced as a career offender pursuant to U.S.S.G. Section 4B1.1, which defines a defendant as a career offender if, among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G.

Section 4B1.1(a); (*see* Crim. No. 07-453 (PAD), Docket No. 2073, p. 7).[1]   It is undisputed in this case that Petitioner Cruz had a prior conviction for a tent robbery and a prior conviction for a controlled substance violation.   Thus, Petitioner Cruz was properly sentenced under the career offender sentencing guidelines.

Finally, even though the Court in the instant case sentenced Petitioner Cruz as a career offender under U.S.S.G. Sec. 4B1.1, Petitioner Cruz was not sentenced within the sentencing range for a career offender which called for a sentence between 262-327 months of imprisonment. Instead, Petitioner was sentenced to 235 months of imprisonment which was the imprisonment term the parties agreed in the Plea Agreement and requested at sentencing, which was 27 months less than the lower end of the career offender sentencing guideline range.

In view of the foregoing, as properly argued by the United States, Petitioner Cruz cannot show that Johnson has any relevance to his sentence. Therefore, Cruz' post-conviction motion lacks merit.

## CONCLUSION

Wherefore, it is recommended that the United States' Motion to Dismiss Defendant Cruz's post-conviction motion be GRANTED. (Docket No. 6).

---

[1] To qualify as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is a federal or state offense punishable by more than one year that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or," to quote the residual clause, "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* U.S.S.G. Sec. 4B1.2(a)(1)–(2).

**IT IS SO RECOMMENDED.**

The parties have fourteen (14) days to file any objections to this report and recommendation.   Amended Fed.R.Crim.P. 59(b)(2).   <u>See also</u> Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).   See <u>Paterson-Leitch Co. v. Mass. Mun. Whole Elec. Co</u>., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearse if a party were sale allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

In San Juan, Puerto Rico, this 10th day of August of 2016.

S/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE